J-S25021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEON MOSLEY | : | |
| | : | |
| Appellant | : | No. 3122 EDA 2022 |

Appeal from the PCRA Order Entered November 18, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0002911-2001

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 15, 2023**

Leon Mosley (Appellant) appeals *pro se* from the order dismissing as untimely his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

This Court previously explained:

A jury convicted Appellant on May 31, 2002, of one count of each of robbery of a motor vehicle, terroristic threats, recklessly endangering another person [], simple assault, conspiracy to commit robbery, and two counts of theft.  [Appellant had been convicted of escape in a separate case a month prior.]  The court sentenced Appellant [in both cases] on August 1, 2002, to an aggregate term of 28½ to 60 years' imprisonment.  The sentence included a 25 to 50 year term under Pennsylvania's three strikes law, 42 Pa.C.S.A § 9714(a)(2).  Appellant did not file a direct appeal, so the judgment of sentence became final on or about September 1, 2002.

***Commonwealth v. Mosley***, 1595 EDA 2017 (Pa. Super. 2020) (unpublished memorandum at *1).

Between 2003 and 2018, Appellant filed four unsuccessful PCRA petitions. In two of the petitions, Appellant challenged the legality of his sentence. *See id.*; *see also* PCRA Court Opinion, 1/24/23, at 2-3.

On August 18, 2020, Appellant filed the instant PCRA petition, his fifth. Appellant again claimed that his sentence is illegal. PCRA Petition, 8/18/20, at 5 (unnumbered). The PCRA court appointed counsel, who filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 18, 2022, the PCRA court granted counsel's request to withdraw and issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907.

Appellant filed a response claiming ineffective assistance of PCRA counsel. Response, 11/7/22, at 1-6. On November 18, 2022, the PCRA court dismissed Appellant's PCRA petition as untimely filed. Appellant filed this appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

[Did the] PCRA court err[] in dismissing Appellant's PCRA petition [and] failing to address Appellant's illegal sentence[?]

Appellant's Brief at 4 (some capitalization modified).

We review the dismissal of Appellant's petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Appellant concedes his PCRA petition is untimely. Appellant's Brief at 5. Appellant's judgment of sentence became final on September 1, 2002, and he did not file his petition until August 18, 2020. A petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A

petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). If a petitioner fails to plead and prove an exception, the court lacks jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

Appellant argues the Pennsylvania Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) created an exception to the PCRA time-bar because it recognized a new constitutional right. Appellant's Brief at 5-6. We disagree.

This Court recently explained:

> Reliance on *Bradley* for purposes of overcoming the untimeliness of the underlying PCRA petition is misplaced. In *Bradley*, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." *Bradley*, 261 A.3d at 386. The *Bradley* Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401.

> *Bradley*, however, did not announce a new constitutional right, much less one applicable retroactively. *See*, *e.g.*, *Commonwealth v. Johnson*, 2023 WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "[a]lthough [*Bradley*] did not specifically address the timeliness exception upon which [a]ppellant relies, it is clear *Bradley* did not recognize a new constitutional right," *id.* at *4); *Commonwealth v. Dixon*, [290 A.3d 702] (Pa. Super. 2022) (unpublished memorandum) (holding *Bradley* does not trigger the timeliness exception of Section 9545(b)(1)(iii)); *Commonwealth v. Parkinson*, 2022 WL

- 4 -

5237927 (Pa. Super. 2022) (holding "**Bradley** did not create a new, non-statutory exception to the PCRA time bar," **id.** at *3).

Furthermore, this Court has continually declined to extend the holding of **Bradley** to cases involving untimely petitions, like the instant one. **See**, **e.g.**, **Commonwealth v. Stahl**, [292 A.3d 1130] (Pa. Super. 2023) (concluding that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel," **id.** at [1136]); **Commonwealth v. Mead**, [277 A.3d 1111] (Pa. Super. 2022) (unpublished memorandum), **appeal denied**, 284 A.3d 118 (Pa. 2022) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); **Commonwealth v. Morton**, [292 A.3d 1075] (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on **Bradley** does not afford relief in his appeal from the denial of his untimely second PCRA petition); **Commonwealth v. Gurdine**, [273 A.3d 1076] (Pa. Super. 2022) (same)[, **appeal denied**, 286 A.3d 707 (Pa. 2022)].

**Commonwealth v. Ruiz-Figueroa**, 1531 EDA 2022 (Pa. Super. Jun. 22, 2023) (unpublished memorandum at *2) (footnote omitted, emphasis added).[1]

As explained above, **Bradley** did not announce a new constitutional rights. Thus, Appellant has not satisfied an exception to the PCRA's time-bar.[2]

---

[1] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[2] Further, Appellant first raised his claim of PCRA counsel's ineffectiveness in his response to the Rule 907(a) notice. Response, 11/7/22, at 1-6. Appellant cites **Bradley** in his brief, but does otherwise argue that PCRA counsel was ineffective; Appellant argues only that his sentence is illegal. Appellant's Brief at 6-8; **see also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on

*(Footnote Continued Next Page)*

In addition, Appellant may not circumvent the PCRA's timeliness requirements by challenging the legality of his sentence. The Pennsylvania Supreme Court has explained: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence.[3] **See id.**

Appellant's fifth PCRA petition is untimely. Because he failed to plead and prove an exception to the PCRA's time-bar, we affirm the order dismissing his PCRA petition.

Order affirmed.

_____

behalf of an appellant." (citation omitted)); **Commonwealth v. Lewis**, 63 A.3d 1274, 1278 (Pa. Super. 2013) ("Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit ….").

[3] Appellant's legality of sentence claims in the underlying petition are the same as the claims he raised in his third and fourth PCRA petitions. **See** PCRA Court Opinion, 1/24/23, at 3-4; PCRA Petition, 8/18/20, at 5 (unnumbered). Even if the petition was timely, the claims would be barred as previously litigated. 42 Pa.C.S.A. § 9543(a)(3).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/15/2023</u>